**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-17-01970-001-TUC-RCC (LCK) |
| Plaintiff, | **ORDER** |
| v. | |
| Eduardo Abraham Padron-Lopez, | |
| Defendant. | |

Before the Court is Defendant Eduardo Padron-Lopez's Motion for a Reduction in Sentence. (Doc. 66.) The Federal Public Defender filed a notice indicating it would not supplement Defendant's pro se filing. (Doc. 67.) For the reasons stated herein, the Court denies the motion.

**I.      Amendment 821**

In November 2023, Amendment 821 to the United States Sentencing Guidelines ("U.S.S.G.") went into effect retroactively. U.S.S.G. § 1B1.10. Part A of Amendment 821 reduced the number of status points applied to a defendant's criminal history. *Id.* "Status points" are points added when (1) a defendant received seven or more criminal history points, and (2) the current offense occurred while serving a sentence for a different offense. *Id.* at § 4A1.1(e); U.S. Sent'g Guidelines Manual suppl. to app. C, amend. 821 (U.S. Sent'g Comm'n 2023). A defendant who has six or fewer criminal history points under U.S.S.G. §§ 4A1.1(a)–(d) now receives no status points. U.S.S.G § 4A1.1(e). A defendant who has seven or more criminal history points will now only receive one status

point instead of two. *Id.*

In addition, under Part B of Amendment 821, an offender who received no criminal history points ("zero-point offender") can receive a two-level decrease in offense level. *Id.* at § 4C1.1(a). However, Part B does not permit a two-level decrease when:

1. Defendant used "violence or credible threats of violence in connection with the offense;"
2. The offense "result[ed] in death or serious bodily injury;"
3. Defendant's instant offense was a sex offense;
4. The offense caused substantial financial hardship;
5. Defendant was in possession of a dangerous weapon during the offense;
6. Defendant was "engaged in a continuing criminal enterprise";
7. The offense involved individual rights under § 2H1.1;
8. Defendant received an adjustment under either § 3A1.4 (Terrorism); § 3A1.1 § 3A1.6, or § 3B1.1.

*Id.*

## II. Discussion

On May 24, 2018, Defendant pleaded guilty to Importation of Methamphetamine. (Doc. 55 at ¶ 2). Under the presentence report, Defendant's base offense level was 38, plus 2 points for importing methamphetamine under U.S.S.G. §2D1.1(b)(5), and 2 more points because Defendant used his children during the offense. (Doc. 55 at 5.) Three points were subtracted for acceptance of responsibility, resulting in a total offense level of 39. (*Id.*) With no criminal history, Defendant was subject to a guidelines range of 262–327 months' incarceration. (*Id.* at 10.) The plea agreement stipulated to a sentencing range of 168–210 months' incarceration. (*Id.*)

The Court found Defendant's total offense level was 37 with a criminal history category I, resulting in a guidelines range of 210–262 months' incarceration. (Doc. 62.) The Court departed below the guidelines range, sentencing Defendant to 120 months. (*Id.*; Doc. 65.).

Defendant believes he is a zero-point offender entitled to a two-level decrease in his offense level. (Doc. 66 at 2–3.) However, Defendant is not entitled to relief under Section B of Amendment 821. Under the United States Sentencing Guidelines, a

defendant's sentence cannot be reduced if—when applied—the amended sentence "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). Even if the Court decreased the offense level pursuant to Amendment 821 Section B, an offense level 35 with zero criminal history points (a criminal history category I) would result in sentencing range of 168–210 months' incarceration. Defendant was sentenced well below the amended range.

Accordingly, IT IS ORDERED Defendant Eduardo Padron-Lopez's Motion for a Reduction in Sentence is DENIED. (Doc. 66.)

Dated this 9th day of April, 2024.

_____
Honorable Raner C. Collins
Senior United States District Judge